**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Laura A.V.[1], | Case No. 25-cv-2546 (MJD/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Frank Bisignano,<br>*Commissioner of Social Security*, | |
| Defendant. | |

This matter is before the Court on Plaintiff's unopposed *Motion for Attorney Fees – Application for an Award of Fees Under the Equal Access to Justice Act* ("Fee Motion") (ECF No. 23). Plaintiff seeks $9,563.40 in attorney fees plus $405 in costs following remand of this action to the Commissioner for further administrative proceedings pursuant to the Court's Order (*see* ECF No. 19). Defendant does not oppose the Fee Motion, but requests that the Court enter an order specifically awarding attorney fees of $9,563.40 to be paid by the Social Security Administration and $ 405.00 to be paid by the Judgment Fund. (ECF No. 29.)

Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"), and based on Plaintiff's submissions (ECF Nos. 23, 24, 24-1, 24-2, 24-3, 25) and the parties' agreement, the Court finds Plaintiff's fee request is reasonable and grants the Fee Motion. The Government shall pay Plaintiff $9,968.40 in fees and $405.00 in costs. The Government's request that that the Court expressly order the $405.00 in costs to be paid by the "Judgment Fund" is denied, because the Government has proffered no information showing that it meets the requirements for such an appropriation. *See* 31 U.S.C. § 1304 (establishing requirements for

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

payment from the Judgment Fund).  The Government may pay the award of fees and the award of costs from whatever sources are appropriate under applicable law.

In accordance with *Astrue v. Ratliff,* 560 U.S. 586 (2010), the EAJA fees awarded pursuant to this Order may be subject to offset to satisfy any preexisting debt Plaintiff may owe the United States.  If, after receiving the Court's EAJA fee order, the Commissioner: (1) determines Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program; and (2) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to the law firm of Plaintiff's attorney, **Livgard, Lloyd, & Christel PLLP.**  However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by check made out to Plaintiff.

Any checks issued for payment (regardless of whether the check is made out to Plaintiff or to the law firm of Plaintiff's attorney), shall be delivered to the law firm of Plaintiff's attorney at **Livgard, Lloyd, & Christel PLLP, PO Box 14906, Minneapolis, MN 55414.**

Dated: July 7, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge